REYNOLDS v. MINK et al.

(Circuit Court of Appeals, Eighth Circuit. November 4, 1901.)

No. 1,485.

RAILROADS—COLLISION WITH HAND CAR—ACTION FOR INJURY.

The complaint in an action against a railroad company alleged that plaintiff and others were constructing a telegraph line along defendant's right of way, and that through an arrangement made by the telegraph company, for whom they were working, defendant furnished them with a hand car to use in going to and from their work over defendant's track; that when they were coming in from work one evening, and after they had entered the city and were approaching the station, the hand car was struck by a train coming from behind them, and thrown from the track, killing one of the men and injuring plaintiff; that the train was not on regular time, was running at a much greater speed than permitted by the city ordinances, which were set out, and that it failed to give any of the station or crossing signals required by said ordinances, by reason of which facts plaintiff and his companions, who were facing the other way, did not know of its approach until they were struck; also that the engineer could have seen them for half a mile before striking their car. *Held*, that such complaint was not subject to a general demurrer on the ground that it did not state facts constituting a cause of action.

In Error to the Circuit Court of the United States for the District of Colorado.

S. E. Browne, for plaintiff in error.

Willard Teller and C. C. Dorsey, for defendants in error.

Before SANBORN and THAYER, Circuit Judges, and ADAMS, District Judge.

THAYER, Circuit Judge. This case was decided in the lower court on a demurrer to the complaint, which was pronounced insufficient, and a judgment was rendered in favor of Oliver W. Mink and Thomas P. Wilson, receivers, who were the defendants below. The sole question presented by the record is whether the complaint which was filed by Joseph H. Reynolds against the receivers stated a cause of action. The complaint was, in substance, as follows:

The plaintiff alleged that in November, 1897, the Union Pacific Railway was in the possession of and being operated by certain receivers, who had been succeeded in office by Oliver W. Mink and Thomas P. Wilson as receivers; that during said month the plaintiff was in the employ of the Western Union Telegraph Company, and was engaged for and in behalf of the latter company in the construction of a line of telegraph along the right of way of the Union Pacific Railway Company in the county of Weld, in the state of Colorado; that on the 17th day of November, 1897, he was working at a point about 10 miles north of the city of Greeley, in said county; that by an arrangement between the telegraph company and the receivers it was agreed that the receivers should furnish to the employés of the telegraph company a hand car, and should permit them to use the track of the railway and the hand car to carry the employés of the telegraph company to and from their place of work; that in pursuance of said arrangement on the day last named the receivers did supply to the plaintiff and his colaborers a certain hand car for the purpose last aforesaid, to be used in carrying them to and from their place of work, and that the use of the hand car and the track of the railway was with the knowledge and consent of the receivers; that on said day plaintiff and two other employés of the telegraph company, having finished their day's work at a point about 10 miles north of the city of Greeley, started to return in the evening from said point to their boarding place in said city, using for that purpose the hand car and the track of the railway company, in compliance with the agreement aforesaid between the telegraph company and the railway company; that they were at the time exercising due diligence, and on their return had reached a point within the limits of said city, and within the yard limits of the railway company, and were proceeding carefully to the depot of said company, when a locomotive engine drawing a heavy train of passenger cars, which was owned, controlled, and operated by the receivers, came into the city of Greeley from the north, ran into and collided with the hand car upon which the plaintiff and his co-employés were riding, and threw said hand car off the track, killing one of the persons thereon and severely injuring the plaintiff. It was further averred, in substance, that at the time he sustained such injuries the plaintiff was not in the employ of the receivers, and was never in their employ, but was working for the telegraph company, and had no connection whatsoever with the management of the railway or with the operation of the trains thereon. The complaint also contained averments to the following effect: That there was a whistling post within the limits of the city of Greeley a short distance north of the point where the collision occurred, which had been provided as required by the ordinances of said city; that the locomotive and train last aforesaid passed over numerous highways within and near the city of Greeley; that it was run past said whistling post without sounding any whistle, or ringing any bell, or giving any warning whatever of its approach; that it continued on its course within the city limits without giving any signal or warning of its approach until it struck the hand car; that said train was running at the time at a rate of speed not less

than 30 miles an hour,—all of which acts were in violation of the ordinances of said city; that said train was not at the time running on schedule time, but was an hour and a half late; that neither the plaintiff nor his coemployés on said hand car had any notice of the approach of said train, nor had they any information that any train would be upon the railway track at that hour coming from any direction; that the plaintiff and his companions had every reason to believe and did believe that they were operating the hand car in perfect safety, and that they had a clear track to their point of destination in the city of Greeley; that at the time of the accident the plaintiff and his companions were propelling said hand car, and were standing on the same with their faces to the south, the direction in which they were moving, and that their backs were to said train; that the persons in charge of said train had a clear view of said hand car for more than half a mile before they struck the same, and by the exercise of ordinary care, or by giving the proper signal of the approach of the train, could easily have prevented the collision and avoided the accident; and that the acts so as aforesaid alleged were negligent, and were done and performed by the operatives upon said train in reckless disregard of human life and safety. Said complaint further alleged and set forth therein certain ordinances of the city of Greeley, which, without stating the same in detail, made it the duty of every engineer in charge of a locomotive engine within the city of Greeley, when approaching a public crossing, street, or highway, to ring a bell, or cause the same to be rung, until the engine had cleared the crossing; also prohibiting every railroad company having a line of railroad running through said city from moving a train within the city limits at a greater rate of speed than six miles an hour; also requiring such railroad companies to place at the city limits a whistling post, and making it the duty of train operatives upon approaching said post to blow the whistle. The plaintiff also averred that as the result of the collision his left shoulder was dislocated, both bones of his left arm were broken, his left wrist badly sprained, his entire body was wrenched and bruised, and that he had sustained damages in the sum of $10,000.

After reading the complaint and examining the short brief with which we have been favored by learned counsel for the defendants in error, we have been unable to discover any defect in the complaint which would warrant us in holding the same to be insufficient. It clearly states and describes acts of negligence committed by the employés of the receivers, and injuries sustained by the plaintiff in consequence of such acts, which, if proven on the trial, would entitle the plaintiff to a judgment. We are of opinion, therefore, that the lower court erred in sustaining a general demurrer to the complaint, based on the ground that it failed to aver facts sufficient to constitute a cause of action.

The judgment below is accordingly reversed, and the cause is remanded to the circuit court, with directions to enter an order overruling the demurrer and requiring the defendants to answer the complaint.